IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
TYRONE BARNES                  :    CIVIL ACTION
                               :
            v.                 :
                               :
ALLSTATE PROPERTY AND          :
CASUALTY INSURANCE CO.         :    NO. 12-3418
```

MEMORANDUM

McLaughlin, J.                              February 15, 2013

This case arises out of a fire and resulting damage to the plaintiff's residence and his ensuing claim for fire loss under a homeowners insurance policy with the defendant, Allstate Property and Casualty Insurance Co. ("Allstate"). The plaintiff, Tyrone Barnes, claims that Allstate's investigation into his claim and its decision to deny coverage for his loss exhibit bad faith, and its refusal to make payment on the policy constitutes a breach of the parties' insurance contract. In response, Allstate has filed a counterclaim for civil insurance fraud. Barnes now moves to dismiss Allstate's counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Court will grant in part and deny in part Barnes' motion.

I.   Factual and Procedural Background

Barnes commenced the present suit against Allstate on June 15, 2012. In his complaint, Barnes alleges that a fire

broke out in his Philadelphia home on July 30, 2011, while he slept, resulting in significant fire and smoke damage to the dwelling and its contents.  That same day, Barnes filed a claim for his losses under his homeowners insurance policy with Allstate.  Eight months later, on March 30, 2012, Allstate denied coverage due to "Concealment or Fraud" on Barnes' part, stating that it "do[es] not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance."  Barnes alleges in his complaint that Allstate's decisionmaking evidences bad faith and its denial constitutes a breach of the insurance contract between the parties.[1]  Compl. ¶¶ 11-17 & Ex. A (3/30/12 Letter from H. Kelly to T. Barnes).

Allstate thereafter filed its answer, containing affirmative defenses and a counterclaim for civil insurance fraud.  Allstate claims that Barnes "intentionally and fraudulently misrepresented facts about the alleged loss" sustained as a result of his home fire in violation of the

---

[1] Originally, Barnes also brought claims against Allstate for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.  Compl. ¶¶ 31-37.  In addition, Barnes named as defendants ten John Does.  Id. ¶ 10. By stipulation, dated October 10, 2012, and so ordered by the Court on the same day, the parties agreed that these claims against Allstate and all claims against the Doe defendants would be dismissed with prejudice.  10/10/12 Stipulation & Order (Docket No. 6).

Pennsylvania Insurance Fraud statute.  Specifically, Allstate
avers that, when making a claim for fire and smoke damage under
his insurance policy, Barnes "fraudulently misrepresented and
concealed" the following facts, which are quoted verbatim from
Allstate's answer:

> (a)  Facts concerning the details of the loss;
> (b)  Facts concerning Plaintiff's activities on the
>      date of loss;
> (c)  Facts concerning Plaintiff's activities following
>      the loss;
> (d)  Facts concerning Plaintiff's contacts with
>      individuals following the loss;
> (e)  Facts concerning availability of material
>      witnesses following the loss;
> (f)  Facts concerning his claim for Additional Living
>      Expenses under the Policy following the loss;
> (g)  Facts concerning cancellations by Plaintiff of
>      inspections of the Property following the loss;
> (h)  Other facts which may be learned.

The answer alleges that Barnes' misrepresentations and
concealments were done knowingly and with the intent to commit
insurance fraud.  Allstate seeks recovery of expenses relating to
its investigation of Barnes' claim, costs of suit, and attorneys'
fees.  Answer ¶¶ 62-65, 68.


II.  <u>Analysis</u>

        Barnes moves to dismiss Allstate's counterclaim on two
grounds.  First, Barnes argues that Allstate fails to state a
claim upon which relief may be granted.  Second, Barnes contends
that, even if Allstate could make out a claim of fraud, it is
barred from collecting the sums requested because it has not

demonstrated that he engaged in a "pattern" of insurance fraud, as required by the Pennsylvania Insurance Fraud statute.  The Court agrees with Barnes that Allstate has failed to meet its burden of pleading and will dismiss its counterclaim without prejudice.  Because dismissal is without prejudice and an amended counterclaim will be permitted, the Court also takes the opportunity to resolve the issue of Allstate's potential damages under Pennsylvania law.  Contrary to Barnes' interpretation of the statute at issue, Allstate need only demonstrate a single instance of insurance fraud, and not a pattern of fraudulent activity, to recover the costs and fees it presently seeks.

A.    Failure to State a Claim

When evaluating a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  The same standard governs a court's review of a motion to dismiss a counterclaim.  See Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 324-25 (3d Cir. 2001); see also Cnty. of Hudson v. Janiszewski, 351 F. App'x 662, 667 (3d Cir. 2009).

Although both parties address the sufficiency of Allstate's counterclaim under the general pleading standard

articulated in Federal Rule of Civil Procedure 8(a), allegations of fraud are assessed under Rule 9(b), which imposes a heightened pleading standard.  <u>ETC Int'l, Inc. v. Curriculum Advantage, Inc.</u>, 272 F. App'x 139, 140 (3d Cir. 2008); <u>Broadcom Corp. v. Qualcomm Inc.</u>, 501 F.3d 297, 315 n.9 (3d Cir. 2007) (noting that Rule 9(b) imposes "heightened pleading requirements").  A fraud claimant is required to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [he is] charged.'" <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir. 2007) (quoting <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 223-24 (3d Cir. 2004), <u>abrogated on other grounds by</u>, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)); <u>see also</u> <u>Seville Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984).  To meet this standard, the claimant must plead "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." <u>Frederico</u>, 507 F.3d at 200.  The Court of Appeals for the Third Circuit has suggested that the pleading should allege "the substance of the misrepresentation." <u>Id.</u> at 200-01 & n.9.

    With respect to the substance of Allstate's counterclaim, Pennsylvania law requires an insurer alleging civil insurance fraud to demonstrate that a claimant (1) knowingly and with the intent to defraud the insurer; (2) presented to the

insurer, as part of or in support of an insurance claim, false, incomplete, or misleading information; (3) concerning any fact or thing material to that claim.  18 Pa. Cons. Stat. Ann. § 4117(a)(2).

Allstate's conclusory allegations fail to meet Rule 9(b)'s stringent pleading standard and do not make out a sufficient claim of civil insurance fraud under Pennsylvania law. Allstate summarily asserts that Barnes misrepresented and concealed facts pertaining to various facets of his policy claim. Allstate does not state with particularity what specific factual allegations made by Barnes were false, incomplete, or misleading, and it does not clarify whether and which facts were misrepresented or concealed.  Nor does Allstate explain how or why Barnes' assertions were fraudulent.  For that matter, it is difficult, on the basis of the threadbare allegations in the counterclaim, to assess whether the factual misstatements or omissions relate to matters that are "material" to Barnes' request for coverage under his homeowners insurance policy.  <u>See id.</u>  Accordingly, the Court will dismiss Allstate's counterclaim for civil insurance fraud without prejudice.

B.    <u>Allstate's Request for Expenses, Costs, and Fees</u>

Having determined that dismissal of the counterclaim is warranted, the Court will still proceed to the issue of what

types of damages are recoverable under Pennsylvania's insurance law where a claim of civil insurance fraud is sufficiently made out.  The Court does so to forestall the parties re-briefing this issue when Allstate amends its fraud counterclaim, which it has sought leave to do should the Court grant Barnes' motion to dismiss, and because, in the Court's estimation, the matter is clear-cut.

The remedial portion of the Pennsylvania Insurance Fraud statute provides as follows:

> An insurer damaged as a result of a violation of this section may sue therefor in any court of competent jurisdiction to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees.  An insurer may recover treble damages if the court determines that the defendant has engaged in a pattern of violating this section.

Id. § 4117(g).

Barnes argues that this statutory provision should be construed to preclude Allstate from requesting compensatory damages absent allegations that he has engaged in a pattern of insurance fraud.  Barnes' interpretation does not comport with the express language of § 4117(g).  Although that section predicates treble damages on a showing that the policy claimant has engaged in a pattern of insurance fraud, it imposes no such requirement for obtaining compensatory damages, such as investigation expenses, costs of suit, or attorneys' fees.  Those forms of monetary relief are available to an insurer whenever it

-7-

is "damaged as a result of *a* violation of this section." Id.
(emphasis added).  Other decisions by courts within this circuit
have reached the same conclusion.[2]  See Allstate Indem. Co. v.
Murphy, No. 07-1354, 2008 WL 4415580, at *5 (M.D. Pa. Sept. 25,
2008); Wezorek, 2007 WL 2264096, at *14 n.20; Valenti v. Allstate
Ins. Co., 243 F. Supp. 2d 200, 203-04 (M.D. Pa. 2003).  Allstate
may pursue compensatory damages based on a single allegation of
insurance fraud.

III. Conclusion

       For the foregoing reasons, the Court grants in part and
denies in part Barnes' motion to dismiss Allstate's counterclaim.
An appropriate order issues separately.

---

       [2] Barnes relies on Parasco v. Pacific Indemnity Co. for a
contrary interpretation.  In Parasco, the court denied an
insurer's motion for recovery of investigation expenses and legal
fees under § 4117(g) because the plaintiffs "filed only one claim
for an alleged loss; thus, there is inadequate support for a
finding that they engaged in a pattern of insurance fraud."  920
F. Supp. 647, 657 (E.D. Pa. 1996).  Notably, the fraudulent
misrepresentations at issue in Parasco were made during the
course of an insurance investigation that took place in 1993.
Id. at 649-52.  At that time, § 4117 required proof of a pattern
of fraud to collect any damages for a violation of the
Pennsylvania Insurance Fraud statute.  Wezorek v. Allstate Ins.
Co., No. 06-1031, 2007 WL 2264096, at *14 n.20 (E.D. Pa. Aug. 7,
2007).  In 1994, the subsection was amended to require proof of a
pattern of fraud only where the plaintiff seeks treble damages.
Id.  Although Parasco quoted the current version of the statute,
it may be that the court applied the pre-amendment version when
it required a pattern of fraud before permitting any damages
recovery.  In any event, the Court respectfully declines to
follow Parasco, as it does not accord with the plain language of
§ 4117 as it presently stands.